NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P., | Hon. Garrett E. Brown, Jr. |
| | Civil Action No. 08-1396 (GEB) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| ABRAHAM HERBST, | |
| Defendant. | |

**BROWN**, Chief Judge:

This matter comes before the Court upon the cross-motions for summary judgment (Doc. Nos. 34, 44) filed by Plaintiff, the United States Small Business Administration (SBA) as Receiver for Penny Lane Partners, L.P. ("Penny Lane"), and *pro se* Defendant Abraham Herbst. Also before the Court is the Receiver's motion to amend the Complaint (Doc. No. 49), which addresses objections to the Complaint raised by Mr. Herbst in his motion for summary judgment. The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Court will grant Receiver's motion for summary judgment, deny Defendant's motion, and deny Receiver's motion to amend as moot.

*Background*

Receiver brings this ancillary action to recover unfunded capital contributions it claims that Defendant owed as a Private Limited Partner of Penny Lane. Penny Lane was a licensed

1

Small Business Investment Company, and it was placed into Receivership under the SBA by this Court's Order of May 16, 2006. *United States v. Penny Lane Partners, LP*, Civ. No. 06-1894, Doc. No. 15 (D.N.J. 2006). Defendant has not submitted a proper response to Receiver's Statement of Undisputed Material Facts as required by Local Civil Rule 56.1 or legal brief, but has instead submitted two affidavits by him and his brother that present a number of unsupported, conclusory assertions. Generally, where a responsive party does not file a Local Rule 56.1 statement, "all facts contained in [the moving party's] Rule 56.1 statement will be deemed admitted if they are supported by evidence and not contradicted in [the adversary's] opposing evidence." *Sampson v. Ctr. for Family Guidance*, No. 05-4975, 2007 U.S. Dist. LEXIS 60749, at *1 n.1 (D.N.J. Aug 16, 2007); *Hill v. Algor*, 85 F. Supp. 2d 391, 408 (D.N.J. 2000) ("Facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted."); *see also* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact of fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (2) consider the fact undisputed for purposes of the motion"). However, the Court is mindful of Defendant's *pro se* status and will endeavor to ascertain the material facts that Defendant attempts to dispute. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance).

Receiver has put forth evidence indicating that Defendant became a Private Limited Partner in Penny Lane when he executed the Limited Partnership Agreement (LPA) memorializing his interest in the partnership and capital commitment of $230,000. (Morris Aff. ¶ 5, Ex. 2 (LPA) at 60, 68.) According to William Van Der Weele, principal agent for Receiver,

Defendant's contributions to and distributions from Penny Lane were recorded on Penny Lane's IRS K-1 tax forms ("K-1 forms"). (Van Der Weele Aff. ¶ 8.) From the K-1 forms, Mr. Van Der Weele deduced that Defendant still owed $51,750.00 of his original $230,000-commitment as of October 2006, and he issued a demand letter for this balance to Defendant on October 31, 2006. (*Id.* ¶ 9 & Ex. 9.). Article 5.11 of the LPA provides that Private Limited Partners are liable for 10% interest on any unfunded capital contribution. (LPA art. 5.11.) It is undisputed that Defendant has not paid any of this remaining balance. (*See* Receiver's 56.1 Statement ¶ 8; Van Der Weele Aff. ¶ 10; Def.'s Aff. ¶ 108.)

By untimely submissions filed June 28, 2011,[1] Defendant presents *inter alia* the following objections: (1) there remains an active fraud claim against Penny Lane in a collateral case brought by Defendant's brother, Jackie Herbst; (2) there was correspondence between Bill Denslow and Jackie Herbst, wherein Penny Lane "was accused of numerous breaches, commissions and omissions of obligations, including not charging a commission to one single partner in just one single case which amounted to almost one hundred thousand dollars which should have been paid to Penny Lane, and obviously considerably skewed EVERY partner's

---

[1] Receiver's motion was filed on May 12, 2011, and had a return date of June 20, 2011, making Defendant's opposition brief due on June 6, 2011. Defendant submitted his responsive affidavits directly to Chambers via fax on or about June 25, 2011, and the matter was filed by the Clerk of the Court on June 28, 2011. The responsive materials, which bear signature dates of June 23 and 24, thus were submitted after the return date for Receiver's motion, let alone the deadline for responsive submissions. The docket does not contain any records from Defendant seeking an extension of his briefing deadline, though Receiver's counsel indicates that Defendant sent them a letter making a such a request at some point during the briefing schedule. (*See* Doc. No. 39.) In any event, the Court did not receive the extension request or grant an extension to Defendant. While the Court could strike Defendant's submission solely for its untimeliness, the Court acknowledges Defendant's *pro se* status, and finds it most prudent under the present circumstances to consider Defendant's objections to Receiver's motion.

numbers and distributions"; (3) that, pursuant to the LPA, any representation made by or to any partner is a "representation, claim and legally-binding obligation to each and every other partner"; (4) that Receiver's supporting affidavits are inadmissible for failure to comply with the requirements of Federal Rule 56; (5) that "Receiver provide [sic] no basis for t[he] calculation" of the balance of his capital commitment, and that the K-1 forms cited by Mr. Van Der Weele are "incomplete," "inaccurate and unverified"; (6) that partners' "commitments were reduced or waived for various reasons"; (7) that Penny Lane "waived capital commitments by letter written in good faith, and any error on Penny Lane's part in doing so is a an [sic] error by Penny Lane, not defendant"; (8) that Defendant "had withdrawn as a [limited partner] by virtue of his litigation against Penny Lane for fraud, breach of contract, and other claims"; and (9) that article 5.12(a) and (b) of the LPA permitted Penny Lane to reduce the amount of a limited partner's commitment, in the event that the limited partner failed to make a calldown contribution. (Def.'s Aff. ¶¶ 7, 13, 17, 22, 27, 29, 35, 37, 66.) Defendant denies that he was a Private Limited Partner at the time of Receiver's 2006 letter demanding payment of the remainder of his capital commitment, but he "admits that at one time he may have been a limited partner." (*Id.* ¶¶ 98–99.) Despite this concession, Defendant "denies that he signed the LPA" provided as Receiver's Exhibit 2. (*Id.* ¶ 100.) Defendant contends that this Exhibit "is incomplete, inaccurate, and unsigned by necessary parties." (*Id.* ¶ 102.) Defendant further denies that the LPA required him to make capital contributions, but states that "even if the LPA had been binding on defendant, there would have been numerous exemptions and exceptions under the LPA which could have been claimed by a party which would have resulted in [waiver]." (*Id.* ¶ 15.) With regard to the K-1 forms, Defendant further objects that they were prepared by an

4

outside accounting firm as opposed to Penny Lane. (*Id.* ¶ 113.)

Defendant also relies on the affidavit of his brother Jackie Herbst, which states that he has personal knowledge of "multiple frauds committed by Penny Lane," and "multiple violations of the LPA by Penny Lane." (Jackie Herbst Aff. ¶¶ 3–4.) As an example, Jackie Herbst states that Penny Lane committed fraud against him, "depriving him of a portion of his shares and portions of almost all distributions made by Penny Lane." (*Id.* ¶ 8.) He further asserts that "[s]ome partners were charged a commission, [and] some partners were not charged a commission, a violation of the LPA. In one case alone, a private limited partner saved $80,000 by not being charged a commission." (*Id.* ¶¶ 12–13.) Jackie Herbst additionally states that distributions to limited partners varied "wildly"; that the K-1 forms "were inaccurate and unreliable on an ongoing basis," which required numerous corrections; that capital commitments were changed on a regular basis; and that Penny Lane failed to provide copies of the LPA to some limited partners at the time of execution. (*Id.* ¶¶ 14, 16–18, 20, 24.) [2]

Receiver's Complaint presents a single claim for breach of contract. Defendant's Answer purports to set forth 48 affirmative defenses and more than 50 counterclaims, although the Answer fails to set forth specific factual allegations to support the separate affirmative defenses and counterclaims.

### *Cross-Motion for Summary Judgment & Motion to Amend*

The Court considers first Defendant's cross-motion for summary judgment and

---

[2] By fax dated August 15, 2011, Defendant supplemented his opposition with a "response" memorandum. Beyond being an improper sur-reply, the response memorandum reiterates arguments advanced by Defendant's prior untimely filing and presents nothing new for the Court to consider.

Receiver's related cross-motion to amend. Defendant argues that he is entitled to judgment on Receiver's claim, because the Complaint identifies the partnership in receivership as "Penny Lane Capital Partners, L.P.," as opposed to "Penny Lane Partners, L.P." (*See* Compl. ¶ 4.) Defendant states that he has no knowledge of or affiliation with such an organization. Receiver cross-moves to amend, stating that the reference to Penny Lane Capital Partners, L.P., was in error. This Court will deny Defendant's motion, because the challenged reference appears to have been a simple scrivener's error, and Defendant has shown no prejudice by the mistake.

The Complaint clearly identifies "Penny Lane Partners, L.P.," as the entity in receivership in both the Complaint caption and in paragraph 2 of the Complaint, which cites this Court's order in the receivership action, *United States v. Penny Lane Partners, L.P.*, Civ. No. 06-1894 (D.N.J. May 16, 2006). Receiver's moving papers expressly identified the partnership as "Penny Lane Partners, L.P." (Doc. No. 35 at 1), and Defendant's untimely response to Receiver's motion (Doc. No. 38)—filed nearly a month *before* Defendant filed the cross-motion for summary judgment (Doc. No. 44)—clearly demonstrated that he understood Receiver to be referring to Penny Lane Partners, L.P., as opposed to another entity (*see* Doc. No. 38 (presenting arguments for why he does not owe capital contributions under the limited partnership agreement with Penny Lane)). The Federal Rules of Civil Procedure provide that "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Defendant has had a full and fair opportunity to respond to the merits of Receiver's claims, and he has done so. Defendant makes no effort to show unfair surprise or prejudice from this pleading error, but instead raises this motion as an attempt to block Receiver's merits motion. No injustice would result by construing the Complaint's reference to "Penny Lane Capital Partners, L.P.," to mean the entity that both

6

parties understood Receiver to be referring to—Penny Lane Partners, L.P.  The Court will therefore deny Defendant's frivolous motion, and the Court will deny Receiver's cross-motion to amend as moot.

### *Receiver's Motion for Summary Judgment*

The Court turns now to Receiver's motion, which seeks summary judgment on its contract claim under the LPA.  A party seeking summary judgment must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587; *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

Receiver, as the moving party, bears the initial burden of production.  Once that burden is satisfied, the burden shifts to Defendant, who must present evidence showing that there is a genuine issue of material fact. *E.g.*, *Sanofi-Aventis Deutschland GmbH v. Glenmark Pharms., Inc.*, No. 07–5855, 2011 WL 2609855, at *4 (D.N.J. June 30, 2011); *United States v. Rebelo*, 646 F. Supp. 2d 682, 689–90 (D.N.J. 2009).  What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (stating that "[t]he object of [Rule 56] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); *Anderson*, 477 U.S. at 249; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied*, 507 U.S. 912 (1993) (stating that "[t]o raise a genuine issue of material fact ... the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[ ] the 'mere scintilla' threshold and . . . offer[ ] a genuine issue of material fact").

This Court has jurisdiction over this ancillary action pursuant to the Court's May 16, 2006 Order in the receivership action, Civ. No. 06-1894, and pursuant to 15 U.S.C. § 687c, and 28 U.S.C. §§ 754, 1367, and 1692. Article 10.8 of the LPA provides that Delaware law governs disputes arising the agreement. New Jersey law gives effect to contractual choice of law provisions unless the law of the selected forum "has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or otherwise would violate New Jersey public policy. *N. Bergen Rex Transport, Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 568–69 (1999). Defendant does not dispute the application of Delaware law in this case.

The Court has reviewed the parties' submissions, and the Court finds that Receiver has set forth evidence that Defendant executed the LPA and thus was a Private Limited Partner of Penny Lane. Although Defendant argues the LPA was not signed by necessary parties and therefore was unenforceable, he does not identify whose necessary signatures were missing or explain how such omissions render ineffectual his undisputed signature on the LPA next to capital commitments of $230,000. (*See* LPA at 60, 68.) Furthermore, Defendant concedes that

8

he "may have been" a limited partner of Penny Lane "at one time." (Def.'s Aff. ¶ 98.) Defendant presents a number of conclusory arguments[3] for why he does not owe the capital contribution to which he committed in the LPA, but these arguments are not supported by coherent factual allegations, let alone evidence creating a genuine issue of fact, and Defendant fails to put forth a cogent explanation for how (or when) his capital commitment was reduced in accordance with the terms of the LPA. Defendant has invoked estoppel principles and alleged fraud and otherwise wrongful conduct committed by Receiver and/or Penny Lane, but Defendant has presented no colorable evidence to substantiate these claims.[4]

Having ascertained Defendant's status as a Private Limited Partner, the Court turns to the question of how much Defendant owes. The Court has reviewed the K-1 forms and finds that

---

[3] Like his Answer, Defendant's opposition to Receiver's motion contains numerous conclusory allegations that Penny Lane engaged in fraud, committed violations of the LPA, and otherwise unjustly wronged Defendant. Such vague allegations, which do not set forth plausible grounds for denying Receiver's claim, would not satisfy the pleading requirements of Federal Rules 8, 9(b), and 12(b)(6), and certainly do not satisfy the summary judgment standard set forth in Federal Rule 56.

[4] Defendant objects that he has not had an opportunity to conduct discovery, but he fails to explain how any outstanding discovery would be material to his affirmative defenses or counterclaims. Rule 56(d) provides that a party opposing summary judgment can seek supplemental discovery if he "shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). "The Third Circuit has interpreted [Rule 56(d), formerly Rule 56(f)] as 'imposing a requirement that a party seeking further discovery in response to a summary judgment motion must submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" *Interstate Outdoor Adver. v. Zoning Bd.*, 672 F. Supp. 2d 675, 677 (D.N.J. 2009) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139–40 (3d Cir. 1988)). "Rule 56 does not require that discovery take place in all cases before summary judgment can be granted." *Wheatley v. Guardian Life Ins. Co. of Am.*, No. 06-5228, 2007 WL 2893383, at *2 (D.N.J. Sept. 28, 2007). As noted above, Defendant's affirmative defenses and counterclaims fail to present sufficient factual allegations that, presumed true, would set forth plausible defenses to Receiver's claim. Defendant has not set forth specific reasons why additional discovery would be availing.

Mr. Van Der Weele correctly deducted Defendant's annual contributions reflected therein from the capital commitment reflected in the LPA. The K-1 forms reflect that Defendant contributed a total of $178,250 of the $230,000 he pledged in the LPA between 1996 and 2003. (Van Der Weele Aff. ¶¶ 8–9 & Ex. 8.) The remaining balance, after these contributions, is $51,750. Although Defendant complains that the K-1 forms were prepared by an outside accounting firm on the behalf of Penny Lane, he does not contest their authenticity.[5] Further, while Defendant generally challenges to the accuracy of the K-1 forms, he does not contest the veracity of the specific K-1 forms submitted by Receiver in this case, and, notably, he has not suggested that he contributed more of his capital commitment (which, in any event, he claims he did not owe Penny Lane) than the amounts reflected in the K-1 forms cited by Receiver. Surprisingly, at the same time that Defendant complains of the K-1 forms' accuracy, he objects that the Receiver failed to provide K-1 forms from later years. (Def.'s Aff. ¶¶ 110, 133.) Defendant has not presented colorable evidence that he owes a different amount under the LPA. Consequently, no genuine dispute of material fact exists with regard to the amount owed by Defendant under the LPA.

In sum, Receiver has satisfied the burden of production by presenting evidence of Defendant's commitments under the LPA, as well as evidence of Defendant's remaining balance.

---

[5] Defendant objects under former Federal Rule 56(e)(1) that Receiver did not provide certified copies of the K-1 forms. The Court notes that this provision was not retained by the 2010 amendments to the Federal Rules. Regardless, Mr. Van Der Weele, in his sworn affidavit, identified the K-1 forms as financial forms prepared for and kept by Penny Lane during the course of business. (Van Der Weele Aff. ¶¶ 8–9.) Defendant has not challenged the authenticity of the documents, and he has not specifically challenged the accuracy of any of the figures reported therein. Moreover, Defendant does not suggest that he made more contributions towards his capital commitment than those reflected in the K-1 forms. Accordingly, the Court overrules Defendant's objection to the K-1 forms relied on by Receiver.

Defendant has failed to present colorable evidence that would create a genuine dispute of material fact, and Defendant has not presented a cognizable legal or factual theory that would overcome his obligations under the LPA.  Consequently, the Court will grant summary judgment in favor of Receiver in the amount requested, $51,750 plus 10% interest pursuant to Article 5.11 of the LPA and dismiss Defendant's counterclaims.

## *Conclusion*

For the aforementioned reasons, the Court will grant Receiver's motion for summary judgment, deny Defendant's motion, and deny Receiver's motion to amend as moot.  An appropriate form of Order accompanies this Memorandum Opinion.

Dated: August 24, 2011

                                                    /s/ Garrett E. Brown, Jr.  
                                            GARRETT E. BROWN, JR., U.S.D.J.