NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P., | ) ) ) ) | Hon. Garrett E. Brown, Jr.  Civil Action No. 08-01396 |
| Plaintiff, | ) ) | **MEMORANDUM OPINION** |
| v. | ) ) | |
| ABRAHAM HERBST, | ) ) | |
| Defendant. | ) ) ) | |

**BROWN, Chief Judge**

This matter comes before the Court upon Abraham Herbst's ("Defendant") motions for

PACER access (Doc. No. 54), to stay entry of judgment (Doc. No. 55), and for certain other

orders (Doc. No 58). The Court has considered Defendant's submissions and decided the matter

without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth

below, the Court will deny all of Defendant's motions.

## I.      BACKGROUND

Plaintiff, the United States Small Business Administration, as Receiver ("Receiver") for

Penny Lane Partners, L.P. ("Penny Lane"), brought an ancillary action to recover unfunded

capital contributions it claimed Defendant owed as a Private Limited Partner of Penny Lane.

Penny Lane was a licensed Small Business Investment Company, and it was placed into

Receivership under the SBA by this Court's Order of May 16, 2006. *United States v. Penny Lane*

*Partners, LP*, Civ. No. 06-1894 (D.N.J. 2006).

On May 12, 2011, Receiver moved for summary judgment (Doc. No. 34). Instead of a proper response to Receiver's Statement of Undisputed Material Facts, Defendant submitted two affidavits presenting a number of unsupported, conclusory assertions. Mindful of Defendant's *pro se* status, the Court endeavored to ascertain the material facts Defendant attempted to dispute. The Court held that Receiver satisfied its initial burden of producing evidence of Defendant's commitments under the Limited Partnership Agreement (LPA), as well as evidence of Defendant's remaining balance. Defendant failed to present colorable evidence showing a genuine dispute of material fact or a cognizable legal or factual theory that would overcome his obligations under the LPA. Consequently, the Court granted summary judgment in favor of Receiver in the amount requested, $51,750 plus 10% interest pursuant to Article 5.11 of the LPA. (Doc. No. 52)

The Defendant subsequently moved for access to PACER (Doc. No. 54), to stay entry of judgment (Doc. No. 55), and for the court to issue various declaratory orders (Doc. No 58).

II.   **ANALYSIS**

*A. Defendant's Motion for PACER Access*

The standard of review for *in forma pauperis* motions is that "the procedure followed in the district court may not be so employed as to leave a pro se litigant absolutely penniless." *Bullock v. Suomela*, 710 F. 2d 102, 103 (3d Cir. 1983). The motion for access to PACER has been submitted at a particularly late stage of litigation, after the Court has granted summary judgment. The courts have not looked favorably on this practice. *See In re Mactruong*, 335 Fed. Appx. 156 (3d Cir. 2009). Additionally, Defendant has not shown that free legal research on

PACER is "necessary to avoid unreasonable burdens." *See Electronic Public Access Fee Schedule* (reprinted with 28 U.S.C. § 1914). Accordingly, the Court will deny access to PACER.

   *B. Defendant's Motion to stay entry of judgement*

   Defendant has moved to stay entry of judgment and requests an extension of time to file a motion for reconsideration. He argues that a stay is necessary because he was prevented from taking legal action as a result of the "Jewish High Holidays," during which work is prohibited. The motion is clearly untimely. The Defendant failed to request an extension of time to file in advance of the holidays, nor would such an extension have made an appreciable difference in the time available to work on this litigation. The period during which Defendant could have appealed or moved to reargue expired on September 29, 2011. *See* FED. R. CIV. P. 59.[1] However, the first and only holiday named in the motion for extension that occurred during the period in which Defendant could have filed a timely motion was Rosh Hashanah. Rosh Hashanah began at sunset on September 28, 2011, the night before the last day to appeal or make a motion. Defendant has not shown that the one day lost for religious observances caused him to miss the deadline to make a timely motion. Nor did he file a motion for an extension in advance of the holidays in question. *See Joseph v. Hess Oil Virgin Islands Corp.* 651 F.3d 348 (3d Cir. 2011) ("While appellate counsel contends that he had other obligations during the week when the certiorari petition was due, he does not claim to have been unaware of those obligations well in advance, nor does it appear that he is so encumbered by them that requiring compliance with the deadline

---

[1] Additionally, local rules of this Court require that a motion for reconsideration be filed within 14 days. *See* L. CIV. R. 7.1(i) ("Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.").

would be unreasonable. A busy schedule, by itself, is not good cause for more time.") (citing *Mississippi v. Turner*, 498 U.S. 1306, 1032 (1991)).  Consequently, the Court will not grant Defendant's motion to stay entry of judgment or an extension of time to file.

*C. Defendant's Other Motions*

Finally, Defendant has submitted a motion that makes a number of unsupported, conclusory allegations about the purportedly fraudulent nature of the LPA and requests various "declaratory orders." (Doc. No. 58). Defendant has not submitted a proper motion. Even if the Court were to attempt to ascertain a legal argument in the affidavit submitted, the motion would still be untimely. The affidavit was submitted on October 21, 2011 and any motion regarding the nature of the LPA agreement should have been made either in the opposition to Receiver's motion to summary judgment or during the period in which Defendant cold have appealed or moved to reargue. Accordingly, the Court will deny Defendant's motion for certain declaratory orders.

## III.   CONCLUSION
.
For the forgoing reasons, the Court denies Defendant's motions for PACER access (Doc. No. 54), to stay entry of judgment (Doc. No. 55), and for certain other orders (Doc. No 58). An appropriate form of Order accompanies this Memorandum Opinion.


Dated: November 14, 2011

                                                     s/ Garrett E. Brown, Jr.
                                         GARRETT E. BROWN, JR., U.S.D.J.